UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20298-CV-SEITZ
CASE NO. 15-20709-CR-SEITZ
MAGISTRATE JUDGE REID

MICHAEL JOHN ALCOCER-ROA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT OF MAGISTRATE JUDGE DENYING MOTIONS
TO PROCEED IN FORMA PAUPERIS ON APPEAL
RE MOTION TO VACATE - 28 U.S.C. § 2255**
**[CV ECF Nos. 62, 66]**

### I. Introduction and Relevant Procedural Background

This matter is presently before the court for consideration of the *pro se* motions to proceed *in forma pauperis* on appeal, filed by Movant, **Michael John Alcocer-Roa,** in this federal habeas proceeding. [CV ECF Nos. 62, 66]. *See* 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-02; and, Rules 8 and 10 of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the reasons discussed below, the motions should be DENIED.

Initially, Movant filed this motion to vacate, pursuant to 28 U.S.C. § 2255, raising a multitude of conclusory claims challenging the constitutionality of his

convictions and sentences for five counts of wire fraud, entered following a jury verdict in **Case No. 15-20709-CR-Seitz.** After numerous Orders directing Movant to file a proper amended § 2255 motion, in compliance with the local and federal rules governing such filings, Movant filed a final amended § 2555 motion [CV ECF No. 32], and the government was ordered to file a response [CV ECF No. 37]. The response is due to be filed on or before May 11, 2020. [CV ECF No. 37].

Next, Movant filed multiple requests for release on bond pending resolution of this § 2255 proceeding and in light of the recent COVID-19 pandemic which were denied. *See* [CV ECF Nos. 29, 30, 33, 38, 40, 41]. The Court's order denying Movant's motion for reconsideration of release on bond instructed Movant he could seek review of the orders denying bond by filing objections to be considered by the district court judge. [CV ECF No. 41]. Rather than do so, Movant filed notices of appeal in the appellate court. [CV ECF Nos, 42, 43].

Thereafter, Movant filed a motion opposing the initial denial of release on bond. [CV ECF No. 47]. Movant also filed an emergency motion with the district court judge to reconsider the denial of his previously filed motion for reconsideration. [CV ECF No. 50]. Both motions were deferred to the district court judge. [CV ECF Nos. 48, 51].

During their pendency, Movant filed an amended notice of appeal as to the court's orders denying bond and reconsideration. [CV ECF NO. 51]. Yet another

amended notice of appeal was filed as to the same orders. [CV ECF No. 57].

In the interim, during the pendency of the appeals, Movant also filed a motion to supplement his motion for reconsideration, the subject of his current appeal. [CV ECF No. 54]. He has also filed a notice claiming to suffer from asthma. [CV ECF No. 59]. These motions are currently pending before the district judge.

Movant has also filed a motions to proceed *in forma pauperis* on appeal, which are before the undersigned for consideration. [CV ECF Nos. 62, 66]. Movant has attached affidavits, claiming to be serving an illegal sentence. [CV ECF Nos. 62-1 at 1; 66. He further argues he has raised "substantial and novel issues of law" under *Gomez v. United States,* 899 F.2d 1124 (11th Cir. 1990). [*Id.*]. He does not identify the nature of those issues. Rather, he questions whether the current COVID-19 pandemic makes him "vulnerable," justifying his release on bond. [*Id.* at 2; *Id.*].

## II. Discussion

Both the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure apply to § 2255 proceedings. *See* Rule 12 of the Rules Governing Section 2255 Proceedings in the United States District Courts (stating both rules apply "to the extent that they are not inconsistent with any statutory provisions or these rules. . ."). Generally, the Eleventh Circuit "usually cannot hear appeals from non-final orders." *Barfield v. Brierton,* 883 F.2d 923, 931 (11th Cir. 1989); *Mickles on behalf of herself v. Country Club Inc.,* 887 F.3d 1270, 1278 (11th Cir. 2018).

In any event, Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. Title 28 U.S.C. § 1915(a)(3) provides, in pertinent part, that "[A]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a)(2)("If the district court denies the motion, it must state its reasons in writing."); Fed. R. App. P. 24(a)(3)(A)(If a party "was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization, unless. . . the appeal is not taken in good faith").

"Good faith," is measured objectively. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). "[A] defendant's good faith ... [is] demonstrated when he seeks appellate review of any issue not frivolous." *Coppedge,* 369 U.S. at 445. However, an *in forma pauperis* action is frivolous if it is "without arguable merit in either law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). If a claim is arguable, but "ultimately will be unsuccessful," the claim should survive a frivolity review. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991). Movant has not identified any non-frivolous grounds for appeal of the court's non-final order, much less that the appeal will ultimately prove successful.

Where, as here, a movant seeks to appeal a non-final order, 28 U.S.C.

-4-

§ 1292(b) also instructs that an inter-locutory appeal "of a non-final order may be permitted when the district court certifies in writing that its order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *S.R. v. United States,* 555 F. Supp. 2d 1350, 1360 (S.D. Fla. 2008)(quoting *Simpson v. Carolina Builders Corp.,* 222 F. App'x 924, 925 (11th Cir. 2007)(quoting 28 U.S.C. § 1292(b))). To merit interlocutory review, courts consider the following three factors under § 1292(b): "(1) whether the case presents a 'controlling question of law'; (2) whether there is a 'substantial ground for difference of opinion'; and (3) whether the appeal will 'materially advance the ultimate termination of the litigation.' " *S.R.,* 555 F. Supp. 2d at 1360 (quoting *Simpson,* 222 F. App'x at 925)(citations omitted). No such showing has been made here.

Based upon a review of this record, Movant seeks to appeal denial of motions that lack an arguable basis in either fact or law. Movant is attempting to appeal the district court's non-final orders denying his request for immediate release on bond, but fails to demonstrate any non-frivolous grounds to be raised on appeal. *See* [CV ECF Nos. 42, 43, 51].

Regarding his immediate release on bond, contrary to Movant's representations, Movant has not made a sufficient showing for immediate release.

See, *e.g., Gomez,* 899 F.2d at 1125 ("[E]xtraordinary and exceptional circumstances must exist which make the grant of bail [pending habeas corpus] necessary to preserve the effectiveness of the habeas corpus relief sought.") (citation omitted).

Therefore, the motions to appeal *in forma pauperis* should be DENIED. If the report is adopted, this will not, however, preclude Movant from filing another motion to proceed *in forma pauperis*, but he is cautioned that the motion must be filed directly with the court of appeals, within 30 days of the district court's order of denial, in accordance with Fed. R. App. P. 24(a)(5).

### III. Recommendations

Based upon all of the foregoing, it is recommended that:

1. the motion to proceed *in forma pauperis* on appeal [CV ECF Nos. 62, 66] be DENIED; and,

2. the case CLOSED for administrative purposes, with instructions to Movant to file a motion seeking to reopen this proceeding upon conclusion of his inter-locutory appeals.

Signed this 18th day of May, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:   Michael John Alcocer-Roa, *Pro Se*
      Reg. No. 63126-018

-7-

Federal Correctional Complex-Low
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521

Aimee C. Jimenez, AUSA
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: aimee.jimenez@usdoj.gov