UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-20298-SEITZ/REID
15-CR-20709-SEITZ

MICHAEL JOHN ALCOCER-ROA,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

ORDER OVERRULING OBJECTIONS
TO MAGISTRATE JUDGE'S ORDERS DENYING BOND
PENDING RESOLUTION OF 28 U.S.C. § 2255 MOTION AND
AFFIRMING, IN PART, MAGISTRATE JUDGE'S REPORT
RECOMMENDING DENYING MOVANT'S
IN FORMA PAUPERIS MOTIONS

THIS MATTER is before the Court on numerous motions filed by pro se Movant Michael John Alcocer-Roa ("Alcocer-Roa") challenging the Magistrate Judge's denial of his bond during the pendency of his Motion to Vacate pursuant to 28 U.S.C. § 2255 [DE 47, 50, 54, 60]. Also before the Court is the Magistrate Judge's Report Denying Motions to Proceed In Forma Pauperis on Appeal Re: Motion to Vacate 28 U.S.C. § 2255 [DE 70]. Movant has filed objections to that Report [DE 75]. For the following reasons, the Court affirms the Magistrate Judge's rulings denying Movant's requests for bond and overrules his objections to the Report and Recommendation denying his requests to proceed In Forma Pauperis on appeal. In addition, the Court concludes that the Movant is not entitled to a Certificate of Appealability ("COA") as to those rulings.[1]

---

[1] Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

I.      Background

Movant Alcocer-Roa is a thirty-nine year old inmate currently serving a 210-month sentence at FCI Coleman Low in Coleman, Florida following a 2016 jury verdict finding him guilty of 5 counts of Wire Fraud in violation of 18 U.S.C. § 1343. (See 15-20709-CR-PAS, [DE 193]). The Eleventh Circuit affirmed Alcocer-Roa's conviction on direct appeal. (See 15-20709-CR-PAS, [DE 268]).  Among other things, the reviewing Court found no merit in Alcocer-Roa's contention that the criminal charges for which he was convicted violated the Fifth Amendment's double jeopardy clause because he was subject to civil sanctions for the same conduct when the U.S. Commodity Futures Trading Commission brought actions against him three years earlier. (See 15-20709-CR-PAS, [DE 268]).

Movant filed the instant Motion to Vacate on January 23, 2020 [DE 1].  After the Magistrate Judge twice dismissed the Motion without prejudice for failing to comply with the applicable rules, on March 26, 2020, Movant filed his Third Amended Motion to Vacate [DE 32].  The Magistrate Judge then issued an Order to Show Cause directing the Government to file a response to the Motion within 45 days [DE 37].  The Government has filed its response [DE 65] and the Movant's reply is due on June 22, 2020.

Currently at issue are several Motions filed by Movant wherein he seeks to be released from custody during the pendency of his § 2255 Motion [DE 29, 33, 40].  The Magistrate Judge denied the Movant's initial request for bond finding that the Movant failed to meet the stringent standard of demonstrating that he has "not only a substantial claim of law based on the facts surrounding the petition but also the existence of some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." [DE 30].  The

Magistrate Judge further noted that where a defendant challenges the length of his sentence, he might not be entitled to immediate release from incarceration, and thus should not be released on bond, if that release would result in a greater temporary remedy pending resolution of the § 2255 litigation than if the movant ultimately prevailed on the § 2255.  Finally, the Magistrate Judge denied the Movant's request for the appointment of counsel and for an evidentiary hearing as premature because the Government had not yet filed a response, and the Court therefore had not determined whether an evidentiary hearing was warranted.

Three days later, the Movant filed an Emergency Supplement to the Motion for Bond Pending § 2255, [DE 33], a Discrimination Notice, [DE 34], a Notice Updating his Petition for Writ of Certiorari in the Supreme Court, [DE 35], and a Motion for Sustained Objections as to several of the Magistrate Judge's Orders and rulings to preserve them for appeal, [DE 36]. Among the issues raised in those filings was Movant's contention that he might be exposed to COVID-19.[2]

The Magistrate Judge again denied Movant's Motion for Bond based on his Emergency Supplement [DE 33], finding that a court's power to place a § 2255 Movant on bail should be used sparingly [DE 38].  The Magistrate Judge further stated that because Movant had not demonstrated that a special circumstance applied to his case, and failed to show that it was clear and readily evident that he was entitled to relief on the merits of his habeas claim, there was no need in the interests of justice, to release him from imprisonment prior to a determination of the merits of his § 2255 Motion. [DE 38].

---

[2] Movant's request to be released from custody due to COVID-19 is also the subject of motion filed in his criminal case.  That Motion will be ruled on in that case, and as discussed below is not properly raised in the context of this § 2255 Motion.

The Magistrate Judge deferred ruling on the Movant's objections to her initial Order denying bond. [DE 39]. A few days later, the Movant began to file a flurry of Motions including a Motion for Reconsideration for Bond [DE 40], a Motion in Opposition to Court's Order Denying his Motion for Bond Pending § 2255 Motion [DE 47], an Emergency Motion in Opposition to the Court's Order Denying his Motion for Reconsideration to Motion for Bond of Magistrate Judge [DE 50], an Emergency Motion to Supplement his Motion to Reconsider Bond [DE 54], and a Motion in Opposition to Magistrate Judge Reid's Order Denying his Motion for Reconsideration for Bond as an Irrealistic (sic) and in a Complete Indifference to the Movant's Life, Health and Well-Being, [DE 60].

   The same day that the Movant filed his Motion for Reconsideration of the Magistrate Judge's Orders denying bond, the Movant filed a Notice of Appeal with the Eleventh Circuit Court of Appeals as to the Order denying his Motion For Bond [DE 42]. The following day, he filed an Amended Notice of Appeal regarding the Magistrate Judge's "first, second and third" Orders denying his motions for bond [DE 49]. The following day the Movant filed a Notice for Petition to the Writ of Certiorari filed with the United States Supreme Court [DE 52].

   On April 30 and May 8, 2020, Movant filed two separate Motions for Leave to Proceed in forma pauperis ("IFP") [DE 62, 66]. The Magistrate Judge issued a Report Denying Motions to Proceed In Forma Pauperis on Appeal Re: Motion to Vacate 28 U.S.C. § 2255 [DE 70], recommending that the IFP Motions be denied because Movant sought to appeal non-final orders and failed to present non-frivolous grounds for his appeal [DE 70 at 5]. The Magistrate Judge also recommended that the case be closed for administrative purposes, with instructions to the Movant to file a motion to reopen the proceeding upon the resolution of his interlocutory appeals [DE 70 at 6]. Movant filed objections to the Report contending that although he completed all of

the necessary requirements to proceed in forma pauperis, the court denied the petition and also

closed the case without explanation [DE 75].[3]

On May 26, 2020, the Eleventh Circuit issued a Mandate dismissing his appeal for lack

of jurisdiction because he filed the appeal challenging the Magistrate Judge's denial of his

Motion for Bond, Emergency Supplement to his Motion for Bond and Motion for

Reconsideration from the first denial of bond before a final order was entered on those motions.

[DE 74].  The reviewing Court noted that even if the district court issued a subsequent final order

denying bond, the movant's premature notice of appeal from the magistrate judge's non-

dispositive decisions would not be cured.

II.    Law and Analysis

At the outset, the Court notes that since the Movant filed his § 2255 Motion in late-

January 2020, he has filed no fewer than fifteen motions, seven of which relate to him seeking to

be released on bond while his § 2255 Motion is pending.  While the Court understands the

Defendant's desire for a speedy resolution of his Motion to Vacate and issues collateral to that

matter, the Defendant's continuous filing of duplicative objections, motions, and premature

appeals serves to delay and impede the Court's ability to expeditiously render opinions on

Movant's claims.

That aside, turning to the merits of Movant's requests for bond, in sum, Movant seeks to

be granted bond during the pendency of his § 2255 Motion based on three contentions: 1) He is

likely to succeed on the constitutional claims raised in his § 2255; 2) He is a good candidate for

bond because he has been a model prisoner; and, 3) He is at higher risk of contracting COVID-

---

[3] Movant has also submitted a letter to the Chief Magistrate Judge challenging the assigned
Magistrate Judge's denial of his IFP Motions [DE 76].

5

19 because he has asthma and the BOP facility where he is imprisoned is not equipped to handle the COVID virus, making his case extraordinary and exceptional.[4] For the following reasons, the Court concludes that the Magistrate Judge was correct in finding that the Movant is not entitled to the relief that he seeks.

District courts have the inherent power to place a § 2255 movant on bail. See generally *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978). This power should be exercised very sparingly because "[a] defendant whose conviction has been affirmed on appeal. . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal," *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).[5] Thus, and as noted by the Magistrate Judge, a prisoner seeking release pending habeas corpus can be only granted bail under two sets of circumstances: first, he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; and, second, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought. *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990). Moreover, "[l]itigants ... [are not] entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party." *Id.* at 1127 (reversing grant of bail to an inmate with AIDS who

---

[4] Specifically, in his first motion for bond, Movant contended that he raised a substantial constitutional claim with a high probability of success in his 2255, that he has asthma that might make him more susceptible to the COVID virus, and he has been a model prisoner [DE 29]. He then filed an Emergency Supplement to his Motion for Bond based upon information he received from the medical staff at Coleman Low, FCI, that they were suspicious that some of the inmates in the compound were infected with COVID-19 [DE 33 at 1].

[5] This Court notes that Movant may not be released on bond pursuant to 18 U.S.C. § 3143(b) (1) as that statute only applies to federal prisoners seeking bail pending the resolution of direct review. See *McGuigan v. United States*, No. 8:08-cv-2430-T-27TBM, 2009 WL 136024, at *2 (M.D. Fla. Jan. 20, 2009).

would not be entitled to relief even if he prevailed on his Section 2241 habeas petition alleging inadequate medical care).

Assuming *arguendo* that Movant has demonstrated a likelihood of success on the merits of a substantial constitutional claim, which the undersigned has not concluded that he has, Movant has still failed to set forth extraordinary and exceptional circumstances that warrant his release at this juncture.  In *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974), the Fifth Circuit described "extraordinary circumstances" as deterioration of petitioner's health, a short sentence for a relatively minor crime so near completion that extraordinary action was required to make collateral review truly effective, and an extraordinary delay in the processing of a habeas petition.  Accord *Fernandez v. United States*, No. 16-CV-60091-LOCH 2017, WL 6597535, at *13 (S.D. Fla. March 3, 2017).  None of those scenarios are present in this case.

While the undersigned acknowledges the seriousness of the COVID pandemic, given that the Movant is under 40, he has not established that his asthma condition alone makes him susceptible to an unreasonable risk of contracting the virus at a BOP facility and that release from custody is the appropriate relief.  See *Mato v. Lopez Vega*, Case No. 20-CIV-60794-RAR,--F.Supp.3d--,2020 WL 2298775,*6 (S.D. Fla. May 6, 2020) (finding release from custody not available remedy in habeas actions where claims based on exposure to COVID-19). In addition, Movant is not due to be released until 2029. Thus, Movant has failed to present the exceptional and extraordinary circumstances that would warrant release pending the resolution of his § 2255 Motion. See *Nelson v. Davis*, 739 F. App'x 254 (5th Cir. 2018) (per curiam) (applying *Calley* standard to denial of bail pending determination of a state prisoner's § 2254 petition without evaluating merits of claims); *Watson v. Goodwin*, 709 F. App'x 311 (5th Cir. 2018) (per curiam) (same); *Beasley v. Stephens*, 623 F. App'x. 192 (5th Cir. 2015) (same).

Further, in *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015), in an unpublished opinion, the Eleventh Circuit reiterated that "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." *Id*. citing *Nelson v. Campbell*, 541 U.S. 637, 644, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004); see also *Farrow v. West*, 320 F.3d 1235, 1238 (11th Cir. 2003) (deliberate indifference claim raised in 42 U.S.C. § 1983 complaint); *Campbell v. Sikes*, 169 F.3d 1353, 1361 (11th Cir. 1999) (same).[6]   See *Gayle v. Meade*, 2020 WL 1949737, *25 (S.D. Fla. Apr. 22, 2020) (citing *Gomez* and stating '[T]he law of the Eleventh Circuit is clear that the appropriate relief from unconstitutional prison conditions is not release by writ of habeas corpus. Instead, it is a discontinuance of the improper practice or correction of the conditions.').  Thus, Movant's claims regarding his potential exposure to COVID are not grounds for releasing him from custody pending the resolution of his § 2255.

In regard to Movant's request for appointment of counsel and for an evidentiary hearing, those requests were denied by the Magistrate Judge as premature.  As such, they were denied without prejudice to renew at an appropriate time. The undersigned concurs with the Magistrate Judge's determination on these issues.

---

[6] The Eleventh Circuit is in the minority of a circuit split regarding whether a habeas claim—as opposed to a Section 1983 claim—is a proper avenue to challenge conditions of confinement. See *Dawson v. Asher*, No. C20-0409JLR-MAT, 2020 WL 1704324, at *8 (W.D. Wash. Apr. 8, 2020) ("The majority of federal circuit courts allow detainees to challenge their conditions of confinement via a habeas petition.") (citing *Aamer v. Obama*, 742 F.3d 1023, 1036-37 (D.C. Cir. 2014); *United States v. DeLeon*, 444 F.3d 41, 59 (1st Cir. 2006); *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008*); Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 & n.5 (3d Cir. 2005); *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975); *Adams v. Bradshaw*, 644 F.3d 481, 482-83 (6th Cir. 2011)).

As to Movant's objections to the Magistrate Judge's Report recommending that his Motions to proceed IFP on appeal be denied, the Magistrate Judge correctly determined that the IFP Motions were premature, and failed to establish a non-frivolous ground for appealing the denial of his bond where Movant's case did not meet the "extraordinary and exceptional" standard set forth in *Gomez*.

III.     Certificate of Appealability

Finally, Movant is not entitled to a certificate of appealability on these issues.  Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c) (2)."  The Eleventh Circuit, in *Pagan v. United States*, 353 F.3d 1343 (11th Cir. 2003), held that an order denying bond pending review of a habeas petition is a collateral order subject to interlocutory review, which requires a certificate of appealability as a jurisdictional prerequisite.  *Pagan*, 535 F.3d at 1346.  However, a certificate of appealability may be issued only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2).  Here, Movant is unable to meet that standard as he has no constitutional right to bond while collaterally attacking his conviction through a § 2255 Motion.[7] *United States*

---

[7] The undersigned is aware that at least one court has questioned the logic of the Eleventh Circuit's requirement that a COA issue for an interlocutory appeal of a denial of bond in a 2255 action.  See *United States v. Tartareanu*, No. 2:12-CR-175-PPS-APR, 2019 WL 92600, *2 (N.D. Ill. Jan 1, 2019) (noting split in circuits regarding necessity of COA in bond denial context and stating "This is a little perplexing since a certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2). Meeting that standard in the context of bail or bond pending review of a post-conviction petition would seem nearly impossible given the longstanding tenet that there is no constitutional right to bail once a defendant has been convicted. . .Thus, if a certificate of appealability is required but practically incapable of being issued, a circuit court would be without jurisdiction to hear an appeal of an order denying bond pending review of a section 2255

*v. Olis*, 450 F. 3d 583, 585 (5th Cir. 2006) (citing *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("A convicted defendant has no constitutional right to bail"). In addition, Movant has not advanced any basis for finding that the Magistrate Judge's denial of his request for bond under the circumstances of this case was in error. Therefore, the undersigned declines to issue a COA to Movant regarding his challenge to the denial of bond pending resolution of his § 2255 Motion.

IV.   Conclusion

Accordingly, it is

**ORDERED** that Movant's Motion In Opposition to the Court's Order Denying his Motion for Bond Pending § 2255 Motion [DE 47], Emergency Motion in Opposition to the Court's Order Denying his Motion for Reconsideration [DE 50], Emergency Motion to Supplement his Motion to Reconsideration for Bond [DE 54], and Motion in Opposition to Judge Reid's Order Denying his Motion for Reconsideration for Bond [DE 60] are **DENIED** and **OVERRULED** to the extent that they raise objections to the Magistrate Judge's Orders [DE 30, 38, 41] denying the Movant's Requests for Bond, [DE 29, 33, 40]. It is further

**ORDERED** that the Magistrate Judge's Orders denying the Defendant Bail [DE 30, 38, 41] are **AFFIRMED**. The Movant's request for bond is **DENIED**.[8]  It is further

---

petition. See *Pagan*, 353 F.3d at 1346 (dismissing appeal for lack of jurisdiction for failure to make requisite showing for certificate of appealability)." See also, *Illarramendi v. United States*, 906 F.3d 268, 270 (2d Cir. 2018) ("[A] COA is not required when appealing from orders in a habeas proceeding that is collateral to the merits of the habeas claim itself, including the denial of bail.").  Nonetheless, given that Eleventh Circuit precedent requires that a COA be issued for an interlocutory appeal for a denial of bond, the undersigned evaluates whether Movant has met the COA standard in this case.

[8] This decision makes no determination with regard to the merits of Movant's Motion to Vacate beyond that necessary to assess whether Alcocer-Roa is entitled to release from custody pending resolution of his Motion to Vacate.

**ORDERED** that the Magistrate Judge's Report Denying Motions to Proceed In Forma Pauperis on Appeal Re: Motion to Vacate 28 U.S.C. § 2255 [DE 70] is **AFFIRMED** in part, and **OVERRULED**, in part. To the extent the Report recommends that the Movant's request to proceed in forma pauperis on appeal, the Movant's objections are overruled; the Report is affirmed; and, Movant's Motions for Leave to Proceed in forma pauperis on appeal are **DENIED** [DE 62], [DE 66].  To the extent the Report recommends that the case be closed pending resolution of his interlocutory appeal, and that he seek to reopen the case at that juncture, the Report is **OVERRULED**.  **This case remains open and the Movant shall file his Reply on or before June 22, 2020.**

**DONE and ORDERED** in Miami, Florida, this 11th day of June, 2020.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Pro Se Movant
        Counsel of record

11