UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-20298 SEITZ
CASE NO. 15-CR-20709 UNGARO (SEITZ)

MICHAEL JOHN ALCOCER-ROA,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

**ORDER CLARIFYING [DE-113] AND DENYING**
**MOVANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

**THIS MATTER** is before the Court on Movant's Application to Proceed *in Forma Pauperis*

("IFP") (DE 110 in 20-cv-202980) following the Court's Final Order (DE 100) denying his § 2255

Motion and Order (DE 109) denying his Motion for Reconsideration. The Court considered

Movant's filing, the record and the applicable law and previously entered a paperless Order

summarily denying the application.  (DE 113).  For the reasons discussed below, the Court's

prior Order is clarified and the Movant's IFP Application is denied for the reasons discussed.

     First, if Movant is seeking IFP status before this Court, no filing fee is required.  *See*

Rule 3 Governing Section 2255 Proceedings for the United States District Courts, as noted by

the advisory committee's note to the 1976 adoption of the Rule.  Therefore, any request for IFP

status before this Court is DENIED.

     Second, if Movant is seeking IFP status on appeal, such a determination is governed by

1

Fed. R. App. P. 24 and 28 U.S.C. § 1915, which require a showing before the trial court that "good faith" exists to proceed IFP on appeal.  *See* Fed. R. App. P. 24(a)(2); *see also* 28 U.S.C. § 1915(a)(3).  "Good faith" is demonstrated when a movant seeks appellate review of any non-frivolous issues.  *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). However, an IFP action is frivolous if it is without arguable merit in either law or fact.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). Where a claim is arguable, but "ultimately will be unsuccessful," the claim should survive a frivolity review.  *See Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).  In this case, Movant has not identified any non-frivolous grounds for appeal of the Court's Final Order (DE 100) denying his § 2255 Motion and Order (DE 109) denying his Motion for Reconsideration, much less that the appeals of these Orders will ultimately prove successful.  *See Weeks v. Jones,* 100 F.3d 124, 127 (11th Cir. 1996)*; Clark v. State of Ga. Pardons and Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the chances of ultimate success are slight).  Therefore, the application seeking IFP status on appeal is also DENIED.

Denial of this IFP application, however, does not preclude the Movant from filing another application to proceed IFP on appeal. However, he is cautioned that the application must be filed directly with the Court of Appeals, within thirty days of the district court's order of denial, pursuant to Fed. R. App. P. 24(a)(5).

**DONE AND ORDERED** in Miami, Florida, this 23rd day of February, 2021.

PATRICIA A. SEITZ
United States Senior District Judge

2

cc:    Michael John Alcocer-Roa, *Pro Se*
Reg. No. 63126-018
Miami FCI - Miami Camp / Unit - J
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177

Aimee C. Jimenez, AUSA
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: aimee.jimenez@usdoj.gov